UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDY C. EILAND,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>T. MENDEZ,<br><br>　　　　　　Defendant. | Case No. 1:24-cv-00188-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

　　　　The prisoner civil rights Complaint of Plaintiff Randy C. Eiland was conditionally filed by the Clerk of Court due to his status as a prisoner. Dkt. 3. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. The Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915.

　　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## SUMMARY OF FACTS

Plaintiff is an Idaho Department of Correction (IDOC) inmate who resides in an overflow correctional facility, the Saguaro Correctional Center (SCC), in Eloy Arizona. On November 5, 2022, he received an restrictive housing order and disciplinary offense report (DOR) for allegedly violating the prison rule against possession of a weapon. Dkt. 3 at 2.

Defendant T. Mendez, a disciplinary hearing officer (DHO) at SCC, found Plaintiff guilty and required him to serve 15 days in segregation. Plaintiff asserts that Mendez did not give him 24 hours' notice of the hearing, an opportunity to present witnesses or witness statements, or an opportunity to present evidence of the alleged weapon or even a photocopy of it. *Id*.

Plaintiff alleges that he was wrongfully placed in segregation for 15 days and that he had "a liberty interest in not being wrongfully charged with a FELINY CRIMINAL case that could extend Plaintiff prison sentence." Dkt. 3 at 3 (verbatim). He seeks nominal, compensatory, and punitive damages from Defendant Mendez.

## STANDARDS OF LAW GOVERNING DUE PROCESS CLAIMS

Prisoners who face disciplinary proceedings may or may not be afforded minimum procedural protections before being punished. Minimal Fourteenth Amendment procedural due process protections are invoked only if the punishment amounts to an "atypical and significant" hardship when compared to general prison conditions. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Avoiding atypical and significant hardships in prison is a "liberty interest" that requires the minimum due process protections. *Id*. at 477-486.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

Typically, segregation "in and of itself does not implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (collecting cases). Courts must conduct a "case by case, fact by fact" analysis of the "condition or combination of conditions or factors" that the plaintiff experienced. *Id.* (citing *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996)). That analysis includes: (1) whether disciplinary segregation was essentially the same as discretionary forms of segregation, such as administrative segregation; (2) whether a comparison between the plaintiff's segregation confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment"; and (3) whether the length of the plaintiff's sentence was affected. *Sandin*, 515 U.S. at 486-87.

In *Wilkinson v. Austin*, 545 U.S. 209 (2005), the United States Supreme Court identified a set of conditions that met the "atypical and significant hardship" standard:

> For an inmate placed in OSP, almost all human contact is prohibited, even to the point that conversation is not permitted from cell to cell; the light, though it may be dimmed, is on for 24 hours; exercise is for 1 hour per day, but only in a small indoor room. Save perhaps for the especially severe limitations on all human contact, these conditions likely would apply to most solitary confinement facilities, but here there are two added components. First is the duration. Unlike the 30–day placement in *Sandin*, placement at OSP is indefinite and, after an initial 30–day review, is reviewed just annually. Second is that placement disqualifies an otherwise eligible inmate for parole consideration. While any of these conditions standing alone might not be sufficient to create a liberty interest, taken together they impose an atypical and significant hardship within the correctional context. It follows that respondents have a liberty interest in avoiding assignment to OSP.

*Id*. at 223-24 (citations omitted).

If a liberty interest exists because the proposed segregation will be long and especially harsh, as in *Wilkinson*, prison officials must provide a prisoner facing disciplinary charges with these minimum procedural protections: (1) written notice of the charges before the disciplinary hearing; (2) at least 24 hours to allow the prisoner to prepare for the hearing; (3) the right to call witnesses and present documentary evidence, unless doing so would be unduly hazardous to institutional safety or correctional goals; (4) assistance from another prisoner or staff person where the issues presented are complex or the prisoner is illiterate; and (5) a written statement by the factfinders detailing the evidence relied upon and the reasons for the disciplinary action; *See Wolff v. McDonnell,* 418 U.S. 539, 564-70 (1974).

The prisoner does *not* have a right to cross-examine witnesses, but prison officials may allow it in their discretion, for example, if it does not pose a security issue or if the witness has not expressed fear of reprisal. *Id.* at 567-68. There is no right to counsel. *Id.* at 569-70. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556.

Disciplinary segregation, as its name suggests, is for the purpose of punishment. The United States Supreme Court has held that, when a prisoner is punished for breaking prison rules in the course of his punishment for a crime against society, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) ("The Clause does not

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive."). "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). [1]

## REVIEW OF PLAINTIFF'S CLAIMS

Plaintiff has not stated a cause of action with his limited facts. Generally, a term of 15 days in segregation is not going to pose an atypical or significant hardship compared to the conditions in general population. Plaintiff must describe the differences in conditions among disciplinary segregation, general population and/or administrative segregation; he may desire to submit a copy of the prison disciplinary hearing officer's findings and conclusions with his amended complaint. Plaintiff has provided no facts about the incident, his witness statements, what the hearing officer relied upon to make a determination, whether the hearing officer was permitted to exercise their discretion in decisionmaking, or what the conditions of his 15-day punitive confinement were. Plaintiff vaguely states that he has "a liberty interest in not being wrongfully charged with a FELINY CRIMINAL case that could extend Plaintiff prison sentence." Dkt. 3 at 3 (verbatim). However, he does not state that he was, in fact, charged with a felony based on the same set of facts.

In addition, Plaintiff must show that this Court has personal jurisdiction over the named Defendant. Title 28 U.S.C. § 1391(b) provides in pertinent part: "A civil action may

---

[1] *Cf. Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer of a prisoner from a prison to a *mental hospital* is *not* within the range of confinement justified by imposition of a prison sentence).

be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## MOTION TO CONSOLIDATE

Plaintiff has filed a motion to consolidate this case with a related case he is pursuing in Arizona. Instead of consolidation, Plaintiff must file a motion to file an amended complaint in his Arizona case, explaining the reasons he desires to bring the claims asserted in this Idaho case in his Arizona case. Then he can file a notice to voluntarily dismiss this Idaho case.

Otherwise, Plaintiff may file an amended complaint in this action that contains his allegations in a single pleading. He cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original pleading. The amended complaint must be legibly written or typed, and it should be clearly designated as an "Amended Complaint." Or, if he does not have facts to state a claim and/or to show that this Court has personal jurisdiction over the Defendant, he may file a notice of voluntary dismissal.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint, correcting the deficiencies set forth above, within 30 days after entry of this Order.

2. Alternatively, he may file a notice of dismissal.

3. If he files nothing further, his Complaint, and this entire action, will be dismissed without prejudice.

4. Plaintiff's Motion to Consolidate Cases (Dkt. 7) is DENIED.

DATED: November 13, 2024

David C. Nye
Chief U.S. District Court Judge